**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FABIAN VALASQUEZ ROQUE,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-12-2060** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **LT. GERALD GAVIN,** *et al.*, : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I. Introduction

Fabian Valazquez Roque, a state inmate formerly confined at SCI-Mahanoy, in Frackville, Pennsylvania, filed the above captioned civil rights action on October 10, 2012, after three prison officials denied his request for protective custody.[1] (Doc. 1, Compl.) Mr. Roque seeks monetary relief and to be transferred to a "safer" prison. Named as defendants are the following SCI-Mahanoy employees: Deputy Superintendent Brenda Tritt; Lt. Gerald Gavin; and Unit Manager (UM) Mason.

Presently before the Court is the Defendants' uncontested Motion to Dismiss. (Doc. 14, Mot. to Dismiss.) For the reasons that follow, the Defendants' Motion to Dismiss will be granted.

---

[1] Mr. Roque is presently housed at SCI-Coal Township, in Coal Township, Pennsylvania.

## II.     Statement of Facts

On September 20 and 21, 2012, Mr. Roque asked to be placed in protective custody.  (Doc. 1, ECF pp. 2-3.)   He states all three defendants told him that he would have to "commit an infraction [in order to be placed in] lock up [because] protective custody is not offered at" SCI-Mahanoy.  (*Id*. at p. 3.)  Mr. Roque filed his Complaint on October 10, 2012, noting that although he filed a grievance on the matter, he has not received an "[a]nswer back on anything."  (*Id*. at p. 2.)

## III.    Standard of Review

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).  To survive a motion to dismiss, a complaint must allege sufficient facts, if accepted as true, state "a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. at 678, 129 S.Ct. at 1949.  The court is " 'not bound to accept as true a legal conclusion couched as a

factual allegation.' " *Id.* at 678, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965); *see also PA Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a district court's "inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If a party opposing a motion to dismiss does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). However, under no circumstance is a court required to accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See DelRio-Mocci v. Connonlly Prop., Inc.*, 672 F.3d 241, 251 (3d Cir. 2012). However, a complaint that sets forth facts which affirmatively

-3-

demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### IV.   Discussion

#### A.   Due Process Claim

"It is well established that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39, 122 S.Ct. 2017, 2027, 153 L.Ed.2d 47 (2002). An inmate does not have a protected liberty interest arising from the Due Process Clause to be assigned to a particular custody level, security classification, or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005)(finding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *see also Thomaston v. Meyer*, No. 12-4563, 2013 WL 2420891 (3d Cir., Jun. 5, 2013)(holding that denial of inmate's request for Z code status is not a deprivation of a protected liberty interest). Likewise, an inmate does not have a due process right to remain at, or be transferred to, a prison of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983).

Based on the above, to the extent Mr. Roque suggests that Defendants violated his due process rights when they denied his request for placement protective custody, or a transfer to a "safer" prison, he is mistaken. Accordingly, Mr.

-4-

Roque fails to state a due process claim against the Defendants for their alleged failure to grant his request for placement in protective custody or a transfer to a "safer" facility.

### B. Failure to Protect Claim

The Eighth Amendment imposes "a duty upon prison officials to take reasonable measures to protect prisoners from violence at the hands of other inmates." *Hamilton v. Leavy*, 117 F.3d 742 (3d Cir. 1997). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).

To establish a failure-to-protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison officials acted with "deliberate indifference" to his health and safety. *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977. Deliberate indifference is proven by showing that an official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837, 114 S.Ct. at 1979. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*; *see also Beers–Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). Negligence, or lack of due care under the circumstances, is insufficient to support a claim that Defendants failed to protect Plaintiff. *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d

677 (1986).

Here, Mr. Roque seeks to impose liability against the Defendants based strictly on their denial of his request to place him in administrative custody. However, as plead, Mr. Roque's present complaint fails to assert an Eighth Amendment failure-to-protect claim against the Defendants. Specifically, Mr. Roque fails to allege any facts tending to show that any of the Defendants knew of, and disregarded, an excessive risk to his safety. He does not assert why he sought refuge in protective custody, or that he shared the specifics of his concerns with the Defendants and they ignored his concerns. Accordingly, Mr. Roque's failure-to-protect claim does not satisfy the Eighth Amendment and must be dismissed.

### C. Leave to Amend

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In this instance, the Court believes that any amendment to Mr. Roque's due process claim would be futile. However, with respect to Mr. Roque's failure-to-protect claim, it is possible that the deficiencies noted above may be remedied by amendment. Thus, he will be granted twenty-one days to file an amended complaint. If Mr. Roque decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint

already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Roque is advised that any amended complaint he may file supersedes the original complaint and his amended complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the amended complaint which are not alleged in the amended complaint are waived.

Mr. Roque is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He also shall specify the relief he seeks with regard to each claim. Mr. Roque's failure to file an appropriate amended complaint within the required time will result in his claim being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to his failure to state a claim on which relief may be granted.

An appropriate Order follows.

      /s/ A. Richard Caputo  
      **A. RICHARD CAPUTO**  
      **United States District Judge**

**Date: June 18 , 2013**